# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JONATHAN PAUL JONES,  )
                Plaintiff,  )
                                    )
vs.                                   )          Civil Action No. 14-412
                                    )
                                    )          Judge Mark R. Hornak/
                                    )          Magistrate Judge Maureen P. Kelly
COUNTY EXECUTIVE RICH  )
FITZGERALD; DR. KARL WILLIAMS,  )
*Medical Examiner*; LAB TECH LORENZ,  )
                Defendants.  )

## **MEMORANDUM ORDER**

The above-captioned prisoner civil rights complaint was received by the Clerk of Court on March 28, 2014, and was referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation, ECF No.16, filed on June 3, 2014, recommended that Plaintiff's Complaint be dismissed for three independent reasons. First, all actions asserted in the Complaint occurred between April 9, 1999 to October 18, 2000, and were time barred under the applicable statute of limitations. Second, Plaintiff called into question the validity of the DNA results which were utilized in Plaintiff's trial and such claims were barred by Heck v Humphrey. Third, as to Plaintiff's False Claims Act claim, Plaintiff failed to state a claim because he failed to allege the necessary elements of a False Claims Act claim. Service was made on the Plaintiff at his address of record. Plaintiff was given until June 20, 2014 to file objections. Plaintiff filed his objections on June 12, 2014. ECF No. 21. Nothing in those objections merits rejection of the Report or extended comment.

In apparent response to the Report's finding the Complaint to be time barred, Plaintiff asserts that he was "late in filing a response due to: safety and security concerns" in addition to Plaintiff's assertion that "[r]ecently - plaintiff has learned: Lt. Goretski, has been intercepting his outgoing and incoming mail. Plaintiff has had mail troubles since '2010' in SCI-Coal." ECF No. 21 at 1, ¶ 4. To the extent that Plaintiff is attempting to invoke equitable tolling so as to toll the statutes of limitations, Plaintiff fails to carry his burden of persuasion.

As explained by the United States Court of Appeals for the Third Circuit:

> Equitable tolling applies when a plaintiff has "been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir.1999). This occurs "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." . . . . The plaintiff, however must "exercise due diligence in preserving his claim." *Irwin*, 498 U.S. at 96, 111 S.Ct. 453. Equitable tolling is an extraordinary remedy which should be extended only sparingly.

Hedges v. U.S., 404 F.3d 744, 751 (3d Cir. 2005) (footnote omitted). Moreover, "equitable tolling is permitted only if the party has exercised due diligence throughout the period it seeks to have tolled." Oporto v. Gonzales, 242 F. App'x 756, 758 (2d Cir. 2007); Truxal v. District Attorney of Westmoreland County, No. 08-cv-00934, 2010 WL 411766, at *5 (W.D.Pa. Jan. 28, 2010) ("the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll.") (*quoting* Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000)). Furthermore, it is the Plaintiff's burden to establish entitlement to equitable tolling. Harris v. Homecomings Financial Services, Inc./Bank One, 377 F. App'x, 240, 243 (3d Cir. 2010) ("In order to equitably toll a statute of limitations, a **plaintiff must establish**, in pertinent part, that the defendant actively misled her about her claims or that some other extraordinary circumstance

2

prevented her from pursuing her claims. Moreover, she must demonstrate that she diligently pursued her claims.") (emphasis added) (citations omitted); Carter v. Keystone, 360 F. App'x 271, 273 (3d Cir. 2010) ("Plaintiff bears the burden to show that equitable tolling is warranted.").

Herein, Plaintiff fails to explain why prior to 2010 (when he allegedly started to have "trouble" with his mail at SCI-Coal), he could not have filed the Complaint, or what has changed such that he could do so in March 2014 but not earlier. Consequently, Plaintiff has failed to show that he acted with due diligence throughout the period of time he would have to seek tolling.

The Report's finding that Plaintiff's Sixth Amendment claims are barred by Heck v. Humphrey, 512 U.S. 477, 489-90 (1994) is only confirmed by Plaintiff's Objections, wherein he argues that "the results of the labs were questionable and are not true. The blood sample was in the name of John Paul Jones [whereas Plaintiff is named Jonathan Paul Jones]. The nurse only withdrew one tube of blood from Jonathan Paul Jones. A[t] trial it changed to two (2) tubes of blood from John Paul Jones. This is proof of a break in the chain of custody evidence." ECF No. 21 at 2 to 3, ¶ 12. See also id., at 4, ¶ 20 ("those tests 'exonerated' Plaintiff"). The foregoing demonstrates that Plaintiff is attempting to call into question his conviction via this civil rights action notwithstanding that Plaintiff asserts "[t]his complaint is not about plaintiff's criminal conviction." Id. at 3, ¶ 16.

Any objections not specifically addressed have been considered but are not deemed to have merited any comment.

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Plaintiff's Objections are overruled.

AND NOW, this 27th day of June, 2014;

3

**IT IS HEREBY ORDERED** that the Complaint is Dismissed pre-service pursuant to the Prison Litigation Reform Act for failure to state a claim upon which relief can be granted. Amendment would be futile.

**IT IS FURTHER ORDERED** that the Report and Recommendation, ECF No. 16, filed on June 3, 2014, by Magistrate Judge Kelly, is adopted as the opinion of the Court.

All pending motions are denied as moot. To the extent that ECF No. 25 could be deemed a motion to file an amended or supplemental complaint, the motion is denied as being futile, such amendment would not cure the deficiencies noted in the Report.

The Clerk is to mark the case closed.

MARK R. HORNAK
UNITED STATES DISTRICT JUDGE

Date: June 27, 2014

cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

Jonathan Paul Jones
FT-2789
SCI Coal Township
1 Kelly Drive
Coal Township, PA 17866